IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEXANDER CORDERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. 1:23-cv-03471-MHC |
| KSH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case:**

**(a) Describe briefly the nature of this action.**

This action arises under the Americans with Disabilities Act, codified at 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiff's Summary:**

On or about June 13, 2023, Plaintiff was a customer at "Quick Mart and Blimpie," businesses located at 759 Braselton Highway, Lawrenceville, Georgia 30043 (of which 759 Braselton Highway, Lawrenceville, Georgia 30043 is a part,

1

and identified by Gwinnett County Property Appraiser's parcel number R7027 214). Said parcel of real property is a public accommodation as defined by the ADA, and is owned by Defendant KSH, Inc. There, Plaintiff encountered barriers to his access of the Facility and Property (as described in Plaintiff's Complaint, Doc. 1) engaged those barriers, and suffered legal harm and legal injury. Plaintiff alleges that the barriers he encountered violated the ADA and the ADAAG, and as a result, he is entitled to injunctive relief, attorney's fees and costs of litigation.

**Defendant's Summary:**

Defendant owns and operates the Quick Mart located at 759 Braselton Highway, Lawrenceville, Georgia 30043. Defendant has taken steps to make the location accessible to individuals with disabilities, and where necessary, Defendant has adequately provided access through readily achievable alternative methods. Any additional modifications would impose an undue burden on the Defendant.

**(c) The legal issues to be tried are as follows:**

1) Whether Defendant is subject to the requirements of 42 U.S.C. § 12181, *et seq*. ("ADA") and 28 C.F.R. Part 36 ("ADAAG");

2) Whether Defendant violated the ADA and the ADAAG;

3) Whether the 2010 ADAAG applies to Defendant;

4) Whether Plaintiff's proposed modifications impose an undue burden on

Defendant;

5) Whether Plaintiff is entitled to injunctive relief;

6) Whether Defendant is liable to Plaintiff for attorney's fees and costs of litigation pursuant to 42 U.S.C. §§ 12188 and 12205.

**(d) The cases listed below are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

This case is not complex.

\_\_\_ **(1) Unusually large number of parties**

\_\_\_ **(2) Unusually large number of claims or defenses**

\_\_\_ **(3) Factual issues are exceptionally complex**

\_\_\_ **(4) Greater than normal volume of evidence**

\_\_\_ **(5) Extended discovery period is needed**

\_\_\_ **(6) Problems locating or preserving evidence**

\_\_\_ **(7) Pending parallel investigations or action by the government**

    \_\_\_ **(8) Multiple use of experts**

    \_\_\_ **(9) Need for discovery outside United States boundaries**

    \_\_\_ **(10) Existence of highly technical issues and proof**

**3.**      **Counsel:**

**The following individually named attorneys are hereby designated as lead counsel for the parties:**

| | |
|---|---|
| Plaintiff: | Craig J. Ehrlich, Esq.<br>The Law Office of Craig J. Ehrlich, LLC<br>1123 Zonolite Road, N.E., Suite 7-B<br>Atlanta, Georgia 30306<br>Tel: (404) 365-4460<br>Fax: (855) 415-2480<br>craig@ehrlichlawoffice.com |
| Defendant: | Ian E. Smith, Esq.<br>Spire Law, LLC<br>2572 W. State Road 426, Suite 2088<br>Oviedo, Florida 32765<br>Tel: (407) 494-0135<br>ian@spirelawfirm.com |

**4.**      **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

No.

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each**

4

**objection should be supported by authority.**

5. **Parties to This Action:**

   **(a) The following persons are necessary parties who have not been joined:**

   None.

   **(b) The following persons are improperly joined as parties:**

   None.

   **(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

   None.

   **(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6. **Amendments to the Pleadings:**

   Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

   **(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.

(b) *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard

to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties do not object to serving initial disclosures and have agreed to exchange their respective initial disclosures on or before January 5, 2024.

9. **Request for Scheduling Conference:**

Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Not at this time.

10. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery

**period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

(a) Structural modifications, changes or alterations to the Facility and Property within the last five (5) years; (b) prior complaints, notices, demands or violations pertaining to the accessibility of the Facility and Property; (c) Defendant's ADA and ADAAG compliance procedures, if any; (d); Defendant's affirmative defenses; (e) prior building permits applied for and/or obtained by Defendant with regard to the Facility and Property; (f) Defendant's profit and loss statements, monthly operating reports, tax returns, applications for financing and/or loans, and other such financial documents; (g) the costs and other burdens imposed on Defendant to modify its property to comply with Plaintiff's proposed modifications; and (h) Plaintiff's history with respect to the property and the likelihood of future harm

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

None at this time.

**11.    Discovery Limitations**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None at this time.

**(b)  Is any party seeking discovery of electronically stored information?**

Plaintiff anticipates that discovery will involve the exchange of electronically stored information ("ESI").

(1)    **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties do not anticipate that the amount of ESI that will be produced in discovery will be extensive.  Counsel for the parties have agreed to limit the scope of production of relevant ESI in a manner that ensures thorough production yet imposes the least financial burden on the parties.

(2)    **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production**

9

**(e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

All ESI shall be produced in .pdf format, served via either email or on disk. The parties do not anticipate the need for the production of ESI in native format or any metadata, but reserve the right to seek production in these formats if it becomes necessary.

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

Defendant intends to seek a protective order of confidentiality to govern the production of confidential business records.

**13.   Settlement Potential:**

**(a) Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>November 30, 2023</u>, and that they participated in settlement discussions.**

| | |
|---|---|
| **For Plaintiff:** | Lead counsel (signature): |
| | <u>/s/Craig J. Ehrlich</u><br>Craig J. Ehrlich |
| **For Defendant:** | <u>/s/Ian E. Smith</u><br>Ian Smith |

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_X_) A possibility of settlement before discovery.

(_X_) A possibility of settlement after discovery.

(__) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

(c) Counsel (_X_) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is to be determined.

(d) The following specific problems have created a hindrance to settlement of this case:

None at this time.

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court

(b) The parties (_X_) do not consent to having this case tried before a

11

**magistrate judge of this Court.**

                                       Dated: December 19, 2023.

                                       Respectfully submitted,

                                       /s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

/s/Ian Smith
Ian Smith
Georgia Bar No. 661492
Spire Law, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765
Tel: (407) 494-0135
ian@spirelawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2023, I electronically filed the foregoing Joint Preliminary Report and Discovery Plan with the Clerk of District Court, Northern District of Georgia via the Court Clerk's CM/ECF system, resulting in a true and correct copy of the same to be served upon the following counsel of record via electronic mail:

Ian Smith, Esq.
Spire Law, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765
ian@spirelawfirm.com

/s/Craig J. Ehrlich
Craig J. Ehrlich

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing Joint Preliminary Report and Discovery Plan has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich